LEONARD WELKER, Defendant in Error, *v.* HENRY WOLVERKUEH-LER, Plaintiff in Error.

1. *Replevin — Chattels wrongfully taken, purchaser of — Knowledge of tortious taking on part of — Jury, what questions submitted to.*— Replevin will lie against the purchaser of a chattel from one who has tortiously obtained possession thereof, notwithstanding that the vendor may have been pecuniarily responsible, and the plaintiff nevertheless made no effort to hold him to accountability, where no evidence shows that the purchaser was ignorant of the wrongful nature of the taking, or that he was in fact misled by the acts or neglect of plaintiff. And instructions embodying the law of the case should submit these latter issues to the jury.

*Error to Cape Girardeau Circuit Court.*

*Houck & Brown,* for plaintiff in error.

The evidence shows that Rogers, at the time Welker sold the mare, and ever since, was a resident citizen, and for four years the sheriff of Bollinger county, which was also the residence of the plaintiff. And upon the principle that no man shall take advantage of his own laches or wrong, plaintiff ought not to recover. If any person, feeling himself injured and aggrieved by another, will, as in the case at bar, allow the property he claims to remain out of his possession in that of a third party in the same neighborhood, who is innocent of any wrong, real or fancied, and during several years has ample remedy against the alleged original wrong-doer, this conduct, as well as his persistent refusal to seek damages for the alleged conversion against the wrong-doer, ought to bar his action. And again, the evidence shows beyond a doubt that however wrongful the taking the mare by Rogers may have been, the plaintiff, by his actions after the taking, ratified it and consented thereto, and ought not to recover. (1 Sto. Eq. Jur., 9th ed., § 385; Hall v. Harper, 17 Ill. 82.) If the owner has been deceived and defrauded into parting with his property, so

that he could claim it from the taker, yet he cannot from one who in good faith buys it from the fraudulent taker, and not even if the fraud amounted to a felony. (Malcom v. Loveridge, 13 Barb. 372; Keyser v. Harbeck, 3 Duer, 373; Williams v. Givens, 6 Gratt. 286; Jennings v. Gage, 13 Ill. 610; Titcomb v. Wood, 38 Mo. 561; Caldwell v. Bartlett, 3 Duer, 341; Smith v. Lynes, 1 Seld. 41, and cases reviewed; Kingsford v. Merry, 11 Exch. 577; 34 Eng. L. & Eq. 607.)

*McWilliams & Green*, for defendant in error.

The property having been tortiously taken from Rogers, the plaintiff in error obtained no title to it by purchase under him. The maxim is " that no one can give good title who has not good title in himself; " the owner had a right to reclaim his property wherever he could find it. (1 Pars. Cont. 520, § 1.)

CURRIER, Judge, delivered the opinion of the court.

This is a replevin suit brought to recover possession of a horse claimed to be the property of the plaintiff. It was in evidence that the horse was taken from the plaintiff in 1863 by one Rogers ; and there was evidence tending to show that the taking was a mere act of robbery under the guise of a pretended purchase. It is not sought to defend the acts of Rogers, but it is insisted that the plaintiff has lost his remedy as against the present defendant through his own negligence. It was in evidence that the plaintiff and Rogers resided in the same county from 1866 to 1870, and that the plaintiff made no effort to hold Rogers to accountability. Instructions were asked on behalf of the defendant to the effect that if Rogers was pecuniarily responsible, and resided in the same county with the plaintiff, and the plaintiff neglected for " several years " after the horse was taken to proceed against Rogers, then the plaintiff could not recover against a party not knowing of the original wrongful taking. We see no error in the refusal of these instructions. Had it been put to the jury to find whether the defendant in fact purchased without knowledge of the wrongful acts complained of, or whether the defendant was in fact misled by the acts or omissions of the

plaintiff, the instructions might have merited a different consideration. As they stand, the want of knowledge on the part of the defendant is assumed, and the case is made to turn upon the supposed neglect of the plaintiff, although the supposed negligence may have had no influence whatever upon the conduct of the defendant. At the request of the defendant the court instructed the jury that the defendant was not liable for damages growing out of Rogers' wrongful acts, unless the defendant participated in them.

Judgment affirmed. The other judges concur.